# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN PETERSON,<br><br>    Plaintiff,<br><br>v.<br><br>A. MANASRAH,<br><br>    Defendant. | Case No. 1:16-cv-00037-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMMARY JUDGMENT**<br><br>**(Doc. 18)**<br><br>**OBJECTIONS DUE WITHIN 21 DAYS** |

Plaintiff proceeds on claims that Nurse Practitioner A Manasrah was deliberately indifferent to his serious medical needs when he revoked a medical chrono for Plaintiff's use of a cane and discontinued pain medications for Plaintiff's leg condition in October of 2014. Defendant contends that the undisputed facts show that he was not deliberately indifferent to Plaintiff's serious medical needs and that Plaintiff's leg condition in 2014 did not amount to a serious medical need. Thus, the defendant contends he is entitled to summary judgment. The Court agrees.

**I.   Plaintiff's Claims**

Plaintiff is proceeding on allegations that since 2009, physicians have issued a permanent medical chrono for his use of a cane and a mobility vest, because of a rod that was surgically placed in his left leg. Plaintiff was transferred to Kern Valley State Prison (KVSP) on April 2, 2012. Dr. G. Molet twice renewed Plaintiff's medical chrono on a permanent basis and

1

Defendant, Nurse Practitioner A. Manasrah, did the same on May 8, 2014. However, in October of 2014, Defendant interfered with Plaintiff's prior physician's orders, revoked Plaintiff's chrono, and has refused to reinstate it -- which has impaired Plaintiff's mobility and causes Plaintiff to require daily pain medication (which is not always sufficient). The Court found these allegations sufficient to state a cognizable claim against Defendant for deliberate indifference to Plaintiff's serious medical needs under the Eighth Amendment.

## II. Summary Judgment Standard

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.,* 818 F.2d 1422, 1436 (9th Cir. 1987). The Court determines only whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a *pro se* prisoner. *Thomas v. Ponder*, 611 F3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In addition, Rule 56 allows a court to grant summary adjudication, or partial summary judgment, when there is no genuine issue of material fact as to a particular claim or portion of that claim. Fed. R. Civ. P. 56(a); *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F.Supp.2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or

that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and, in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)). If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp.,* 627 F.3d at 387 (citing *Celotex Corp.,* 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248; *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless Inc.,* 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), *cert. denied*, 132 S.Ct. 1566 (2012). Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

**III.    Discussion and Analysis**

1    **A.    Legal Standard Under the Eighth Amendment**

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)).

To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). This involves both objective and subjective components.

First, objectively, the alleged deprivation must be "sufficiently serious" and where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834, quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392 (1981). Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847.

**B.    Defendants' Undisputed Statements of Fact[1]**

Defendant's evidence shows that Plaintiff is a state inmate, incarcerated at Kern Valley State Prison. (DUF No. 1.) Defendant Manasrah is a Licensed Nurse Practitioner employed at KVSP. (DUF No. 5.) Plaintiff is 49 years old and has had no medical training or education and

---

[1] Disputes of fact shown by Plaintiff's evidence are delineated in the discussion of his opposition.

has never worked in the medical field. (DUF Nos. 2, 3.) In September 2009, prior to incarceration at KVSP, Plaintiff had a left femur fracture that was repaired by an intramedullary nail fixation. (DUF No. 9.)

Two x-rays were taken of Plaintiff's left femur: one on August 21, 2012 and another on October 16, 2014. (DUF No. 11.) Both x-ray reports indicate a well-healed orthopedic fixation with intact hardware. (*Id.*) There are no deformities, acute fractures, or dislocations. (*Id.*) The x-rays show that the fracture healed normally and reveal no objective reason for Plaintiff's alleged pain. (*Id.*) Plaintiff's left femur repair would not necessarily cause pain. (DUF No. 10.) Patients with similar repairs, more often than not, heal with no residual pain. (*Id.*) Between May of 2013 and January of 2016, Plaintiff had fifteen physical exams that indicated he ambulated well with no apparent pain and that his gait was within normal limits. (DUF No. 12.)

Plaintiff's UHR indicates that doctors DiLeo, Duncan, and Kongara and clinicians Manasrah, Ogbuehi, Rangel, Lozovoy, and Carino did not find a cane to be medically necessary for Plaintiff's normal daily activities. (DUF No. 13.) Defendant Manasrah did not revoke Plaintiff's cane chrono in October 2014. (DUF No. 7.) Plaintiff's cane chrono was discontinued in July 2013 by Dr. N. Kongara. (*Id.*)

Defendant did not discontinue Plaintiff's pain medications in October 2014. Plaintiff's Medication Administration Records show that Plaintiff's medications did not change between August and December 2014. (DUF No. 8.) Rather, Plaintiff has been without Tramadol or other narcotic pain medication since April, 2013 and he is able to do all normal daily activities without Tramadol or other narcotic pain medication. (DUF No. 14.) On December 11, 2016, a video was taken of Plaintiff walking with ease around the exercise track without a cane. (DUF No. 15.)

**C.     Defendants' Motion**

Defendants argue that the above facts show Plaintiff cannot establish that Defendant acted with deliberate indifference. Defendant contends that his evidence shows that he did not revoke Plaintiff's cane chrono in October 2014. (DUF No. 7.) Plaintiff's cane chrono was discontinued in July 2013 by Dr. N. Kongara. (*Id.*) Further, Defendant Manasrah did not discontinue

5

1 Plaintiff's pain medications in October 2014. (DUF No. 8.) Plaintiff's Medication Administration Records show that Plaintiff's medications did not change between August and December 2014. (*Id.*) Defendant correctly contends that he cannot be held liable for other medical staff's decisions. Defendant's evidence shows that he did not revoke Plaintiff's cane chrono, nor did he take Plaintiff off pain medications as Plaintiff alleges. Thus, Defendant contends he did not subject Plaintiff to the deprivation of a constitutional right as required by 42 USC § 1983.

Defendant also contends that, even if it is assumed that he was the person who revoked Plaintiff's cane chrono and pain medications, he is entitled to summary judgment since, as evidenced by the following physical exams, Plaintiff was able to walk without a cane or pain medications, ambulated well with no apparent pain, and his gait was within normal limits ("WNL").

**December 28, 2012:** Examination notes by V. Villanueva RN. (Feinberg Decl., Ex. G.) Patient asked for "Emergency RN" visit for "SERIOUS CHRONIC PAIN!" Nurse notes "ambulatory, shows no signs of pain. Becomes combative for not getting what pain meds he wants."

**January 8, 2013:** Examination notes by Dr. A. Zachariah. (Feinberg Decl., Ex. H.) "The patient actually has no problems walking and getting in and out of the room. He uses a cane. He does not appear to be in any pain when he walks. A lot of these things are not compatible with what he is alleging." "… the patient has been narcotic focused ever since I have seen him in the past visits too."

**May 11, 2013:** Examination notes by R. Lozovoy, Nurse Practitioner. (Feinberg Decl., Ex. I.) "Musculoskeletal WNL. No difficulties ambulating. Gait is WNL, no limping. Bilat extr: normal appearance, no muscle wasting, strength 5/5, full ROM [range of motion]. During the exam inmate was moving in the chair without any difficulties or sign of being in pain. Exam is essentially WNL."

**May 23, 2013:** Examination notes by Dr. N. Kongara. (Feinberg Decl., Ex. J.)

"Ambulates with assistance of cane.  Good muscle bulk. No weakness in bilateral extremities, exam WNL, gait WNL, inmate seen walking with a limp.  No facial grimacing, doesn't appear to be in pain."

**July 22, 2013:** Examination notes by Dr. N. Kongara.  (Feinberg Decl., Ex. K.)  "Inmate here for chrono issues.  Inmate was observed by custody staff on 7/5/13 to be vigorously exercising without the help of any assistive device and performed an hour long work out.  Based the documentation inmates chronos for bottom bunk and waist chair and restrictions have been removed.  Inmate seen here for update of his chrono.  Inmate not very cooperative states that he doesn't walk as his legs hurt.  Inmate was seen walking from the cell to the exam chair without any difficulty.  Inmate advised that if he doesn't cooperate with the exam chronos cannot be updated, inmate then swiftly swung out of the chair and walked without any difficulty or assistance."  "Musculoskeletal exam: WNL.  Normal gait.  Inmate then swiftly swung out of the chair and walked without any difficulty or assistance."

**September 20, 2013:** Examination notes by E. Garrovillo RN.  (Feinberg Decl., Ex. L.) The notes indicate that Plaintiff had been scalded by hot water thrown by his cellmate, but walked unaided to and from the triage and treatment center with a stable gait.

**October 18, 2013:** Examination notes by Dr. N. Kongara.  (Feinberg Decl., Ex. M.)  "See notes from 7/22/13. Inmate's exam and presentation doesn't represent a patient in pain." "Well built and muscular inmate, walked into the office, gait WNL, no limping, smiling through the interview, inmate not cooperative for the exam, visit terminated prematurely as inmate wanted to take my name and stated I will write you up for refusing me Tylenol # 3 and Tramadol.  Narcotics not indicated for chronic pain, offered Naprosyn and Tylenol and ibuprofen, inmate refused."

**November 22, 2013:** Examination notes by Dr. D. Duncan.  (Feinberg Decl., Ex. N.) "The patient is able to do all his activities of daily living (ADL) except he cannot get on the top bunk."

**December 18, 2013:** Examination notes by Dr. D. Duncan.  (Feinberg Decl., Ex. O.) "The patient is able to do all his activities of daily living except he cannot get on the top bunk, so

I think restriction against top bunk is probably all that he needs.  The patient will disagree saying he needs a cane and some stronger pain medication."

**March 5, 2014:**  Examination notes by Dr. L.A. DiLeo.  (Feinberg Decl., Ex. P.)  "Pt. wants cane back."  Dr. DiLeo did not grant Plaintiff's request.

**June 13, 2014:**  Examination notes by Defendant Manasrah.  (Feinberg Decl., Ex. Q)  "[H]ere for chronic care" and "no obvious distress normal gait."

**October 14, 2014:**  Examination notes by Defendant Manasrah notes state:  "obtain X-ray for base line."  (Feinberg Decl., Ex. R.)

**October 16, 2014:**  Left Hip X-ray Report.  (Feinberg Decl., Ex. E.)  "The fixation hardware is intact.  Fracture is healed.  No acute findings."

**January 27, 2015:**  Defendant Manasrah examination notes.  (Feinberg Decl., Ex. R.)  It was noted that Plaintiff's left hip examination showed an old surgical scar but no deformities, and that Plaintiff was not cooperative with the exam.  It is also noted that Plaintiff was observed walking on the yard without any difficulties, but when in the clinic Plaintiff was walking with a limp and not following instructions.

**March 3, 2015:**  Examination notes of A. Rangel.  (Feinberg Decl., Ex. S.)  "Notes normal gait.  Straddles chair without difficulty."

**March 11, 2015:**  Examination notes by R. Lozovoy, Nurse Practitioner.  (Feinberg Decl., Ex. T.)  "[Plaintiff] asked for different Rx and for cane.  No apparent difficulties with ambulation or ADLs, gait is WNL."  The plan was to discontinue naproxen, use Motrin as needed, avoid triggers, and "cane is not indicated."

**January 25, 2016:**  Examination notes of C. Ogbuehi, Physician's Assistant.  (Feinberg Decl., Ex. U.)  "[C]ane was taken away and he wants it back and special shoe."  Exam notable for "Left leg -- no deformity or swelling…good ambulation."  "[Plaintiff] educated that there is no further indication for assistive device or specialized footwear."

**December 11, 2016:**  Video of Plaintiff walking around the exercise track without a cane.  (Nelson Decl. Ex. A.)

**January 26, 2017:** Examination notes by J. Kaur RN. (Feinberg Decl., Ex. V.) "Plaintiff seen for a complaint of left leg pain described as 6 on a scale of 1-10. Patient was noted to be "ambulatory, gait normal, able to raise leg without any problem." "Appears in no acute distress. Sitting on exam table laughing, able to get up and down exam table without any problem. Full range of motion bilateral leg."

This evidence shows that Plaintiff did not have a serious medical need for a cane or pain medications and that Defendant neither revoked Plaintiff's cane chrono, nor took Plaintiff off pain medications as Plaintiff alleges. The Court finds that Defendant has met the burden to demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to Plaintiff to establish that a genuine issue as to any material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Plaintiff may not rely upon the mere allegations or denials of his pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of his contention that the dispute exists. Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11; *First Nat'l Bank,* 391 U.S. at 289; *Strong v. France*, 474 F.2d 747, 749 (9th Cir. 1973).

### D. Plaintiff's Opposition

In opposition, Plaintiff contends there are five disputes of fact which prevent granting Defendant's motion for summary judgment.

First, Plaintiff argues that Defendant answered the first level of Plaintiff's 602 when his cane was taken away and found against Plaintiff, despite the fact that Defendant previously gave Plaintiff a permanent chrono for a cane. (Doc. 25, pp. 1-2, citing Exh. A.) Neither of these assertions contradict the evidence submitted by Defendant. While Plaintiff's Exhibit A shows that Defendant issued Plaintiff a permanent chrono for a cane on May 8, 2013, Plaintiff does not show that Defendant was responsible for revoking that chrono; nor does Plaintiff submit any evidence to contradict Defendant's evidence that the cane chrono was discontinued in July 2013 by Dr. N. Kongara. (*See* DUF No. 7.) Likewise, Plaintiff does not submit any authority to suggest that Defendant, as a nurse practitioner, could override treatment decisions made by a

physician and the Court finds none.

Second, Plaintiff argues that when Defendant answered Plaintiff's 602, he denied Plaintiff's request to receive medication for his leg. (Doc. 25, p. 2, citing Exh. A.) While this appears to be a true statement of Defendant's decision on Plaintiff's 602, Plaintiff does not submit any evidence to show that Defendant's decision was in deliberate indifference to a serious medical need that Plaintiff was experiencing at that time. Further, Plaintiff fails to submit any evidence to contradict Defendant's evidence that Defendant did not discontinue Plaintiff's pain medications in October 2014. (DUF No. 8.) Plaintiff also does not refute Defendant's evidence that the Medication Administration Records show that Plaintiff's medications did not change between August and December of 2014, that Plaintiff has been without Tramadol or other narcotic pain medication since April of 2013, and he is able to do all normal daily activities without Tramadol or other narcotic pain medication. (DUF Nos. 8, 14.)

Third, Plaintiff argues that he has a serious medical need for a cane, that "they know without question Plaintiff is still with pain and their argument is the level of pain. They knew when they gave Plaintiff a permanent chrono that he could walk without it. But the cane would take a lot of pressure off the steps so it wouldn't be as much pain." (*Id.*, p. 2.) Fourth, Plaintiff argues that his pain requires medication and that he and Defendant have spoken "about Plaintiff walking to the track, not looking in pain," but that if Plaintiff doesn't have a cane, he will have pain, "yet he still has to walk." (*Id.*, p. 3.) Finally, Plaintiff argues that Defendant is not entitled to qualified immunity since he responded to the first level of Plaintiff's 602 and was Plaintiff's primary care giver who authored Plaintiff's chrono. (*Id.*, pp. 3-4.) Plaintiff does not "designate specific facts demonstrating the existence of genuine issues for trial," as he fails to submit evidence to support these last three contentions. *In re Oracle Corp.*, 627 F.3d at 387. Such generalized, unsupported assertions lack the requisite factual predicate from which inferences may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). Plaintiff fails to submit sufficient evidence for a reasonable fact finder to find for him as the non-moving party. *Anderson*, 477 U.S. at 248.

Thus, the evidence submitted shows that Defendant did not subject Plaintiff to the deprivation of a constitutional right as required by 42 USC § 1983.  Defendant is entitled to summary judgment since Plaintiff fails to demonstrate "the existence of genuine issues for trial." *In re Oracle Corp.,* 627 F.3d at 387 (citing *Celotex Corp.,* 477 U.S. at 323).  Defendant's request for qualified immunity need not be reached since he is entitled to summary judgment on the merits of Plaintiff's claim.

**IV.    Conclusions and Recommendations**

As set forth herein, this Court finds that Defendant, A. Manasrah, has met the burden and is entitled to summary judgment.

Accordingly, the Court **RECOMMENDS**:

(1) that Defendant A. Manasrah's Motion for Summary Judgment, filed on August 11, 2017 (Doc. 18), should be **GRANTED**; and

(2) that the Clerk of the Court be directed to enter judgment, against Plaintiff and for Defendant A. Manasrah, and that this action be closed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **November 30, 2017**          /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE